UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **PATRICK MCCRORY,** in his official capacity as Governor of North Carolina; **FRANK PERRY,** in his official capacity as Secretary of the North Carolina Department of Public Safety,<br><br>Plaintiffs in No. 5:16-cv-238,<br><br>**NORTH CAROLINIANS FOR PRIVACY**, an unincorporated nonprofit association;<br><br>Plaintiff in 5:16-cv-245,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE; LORETTA E. LYNCH,** in her official capacity as Attorney General of the United States; **VANITA GUPTA,** in her official capacity as Principal Deputy Assistant Attorney General,<br><br>Defendants in No. 5:16-cv-238,<br><br>**UNITED STATES DEPARTMENT OF JUSTICE**; **LORETTA E. LYNCH**, in her official capacity as United States Attorney General; **UNITED STATES DEPARTMENT OF EDUCATION**; and **JOHN B. KING, JR.,** in his official capacity as United States Secretary of Education.<br><br>Defendants in No. 5:16-cv-245. | **Case Nos.**<br>**5:16-cv-238-BO**<br>**5:16-cv-245-FL** |

**MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE CASES**

Plaintiff North Carolinians for Privacy respectfully moves to consolidate its case,

*North Carolinians for Privacy v. United States Department of Justice*, No. 5:16-cv-245-

1

FL (E.D.N.C May 10, 2016), with *McCrory v. United States*, No. 5:16-cv-238-BO (E.D.N.C. May 9, 2016). These cases raise similar legal and factual issues, address the validity of the same North Carolina law, and involve the Federal Government as defendants. Furthermore, consolidation of these actions will conserve the parties' resources, minimize the burden imposed by this litigation on this District, and reduce the risk of inconsistent rulings.

Plaintiff's Counsel reached out to Counsel for Plaintiffs in *McCrory v. United States* but did not receive a response regarding whether they consent to the motion for consolidation. However, Counsel for Defendants in this action, which include the federal agency Defendant in *McCrory v. United States*, indicated their intent to oppose the motion for consolidation.

## BACKGROUND

North Carolina recently enacted the Public Facilities Privacy and Security Act ("Privacy Act"), commonly referred to as HB2. Among other things, the Privacy Act protects bodily privacy by requiring that public agencies designate their multiple-occupancy restrooms and changing facilities for use based on biological sex. In response, the Federal Government demanded that North Carolina and its institutions instead allow people to use restrooms and changing facilities in accordance with their subjective "gender identity" regardless of their biological sex. This prompted three legal actions against the Federal Government:

- First, Governor McCrory and Department of Public Safety Secretary Perry filed an action challenging the Federal Government's assertion that the Privacy Act

violates Title VII of the Civil Rights Act of 1964 and the Violence Against Women Reauthorization Act of 2013 ("VAWA"). *McCrory v. United States*, No. 5:16-cv-238-BO (E.D.N.C. May 9, 2016).

- Hours later, Senator Berger and Speaker Moore, on behalf of the North Carolina General Assembly, filed an action, *Berger v. United States Department of Justice*, No. 5:16-cv-240-FL (E.D.N.C. May 9, 2016), challenging the Federal Government's assertion that the Privacy Act violates Title VII, VAWA, and Title IX of the Education Amendments of 1972.

- The following day, the Plaintiff in this action, North Carolinians for Privacy,[1] filed a lawsuit challenging the Federal Government's assertion that the Privacy Act violates VAWA and Title IX.

All three of these actions seeking relief against the Federal Government's assault on the Privacy Act were filed in the Eastern District of North Carolina.

The General Assembly, recognizing the substantial similarities between its *Berger* case and the *McCrory* case, moved to consolidate its action with Governor McCrory's. *See* Mot. to Consolidate, *Berger*, No. 5:16-cv-240-FL, Dkt. # 7. Because there is also substantial overlap between Governor McCrory's action and this action brought by North

---

[1] North Carolinians for Privacy consists of students in the University of North Carolina system; students at public elementary, middle, and high schools in North Carolina; and parents of minor children attending North Carolina's public schools. If the Federal Government revokes federal funding to North Carolina and its educational institutions due to the state's enforcement of the Privacy Act, the student members of North Carolinians for Privacy will suffer diminished educational opportunities and, in some cases, financial loss. Alternatively, if the Federal Government forces North Carolina to abandon the Privacy Act, it will jeopardize the privacy and safety of the students.

3

Carolinians for Privacy, Plaintiff similarly seeks to consolidate its case with Governor McCrory's. If the Court grants this request, it will improve efficiency for the parties, decrease the burden on the courts, and reduce the risk of inconsistent rulings. These benefits will be especially pronounced if the Court also grants the pending motion to consolidate the *Berger* action with the *McCrory* action, resulting in consolidation of all three of the actions against the Federal Government.[2]

## ARGUMENT

Rule 42 allows cases to be consolidated when they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). When exercising its discretion under Rule 42, "district courts should 'weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit.'" *Bess v. Cty. of Cumberland, N.C.*, No. 5:11–CV–

---

[2] The Federal Government filed its own action against the State of North Carolina in the Middle District of North Carolina alleging that the Privacy Act violates Title VII, VAWA, and Title IX. *United States v. McCrory*, No. 1:16-cv-425-TDS-JEP (M.D.N.C. May 10, 2016). Recognizing "substantially similar and overlapping issues of both law and fact" between the action filed by the Federal Government and the action filed by Governor McCrory, Governor McCrory moved to transfer his case to the Middle District of North Carolina to "enable it to be consolidated with or otherwise managed in conjunction with the DOJ litigation." *McCrory*, No. 5:16-cv-238-BO, Dkt. # 9, at 3. The Court is deferring its ruling on the motion to transfer to consider whether the *Berger* case should be consolidated with the *McCrory* case. It should further defer its ruling on the motion to transfer to consider North Carolinians for Privacy's current request to consolidate with the *McCrory* case. At this time, North Carolinians for Privacy takes no position on whether the cases should be transferred to the Middle District or should remain in the Eastern District.

388–BR, 2011 WL 4809879, at *9 (E.D.N.C. Oct. 11, 2011) (quoting *In re Cree, Inc.*, 219 F.R.D. 369, 371 (M.D.N.C. 2003)). Here, the balance weighs heavily in favor of consolidation.

At their core, this action and the *McCrory* case are lawsuits against the Federal Government[3] challenging the same improper behavior—its threat of adverse action against North Carolina because it misconstrues federal law to conclude that the Privacy Act violates federal law. Ultimately, the two cases—filed almost simultaneously—address whether North Carolina can continue to enforce the Privacy Act without suffering adverse consequences or whether the Federal Government can effectively coerce it to abandon the Privacy Act and allow biological men into biological women's restrooms and changing areas, and vice versa. Thus, the interests of North Carolinians for Privacy and the *McCrory* plaintiffs are aligned. Both seek to prevent the Federal Government from punishing North Carolina for enforcing the Privacy Act.

Regarding additional factual similarities, both cases address the implications for privacy and safety if persons of one biological sex are permitted to enter bathrooms, locker rooms, and showers traditionally set aside for persons of the opposite biological sex. *See, e.g.*, Plaintiff's Compl. ¶¶ 100-108, 110-113, 118, 121-123; McCrory Compl. ¶¶ 19-20. Both cases also note that North Carolina's compliance with the Federal

---

[3] The *McCrory* action is against the Department of Justice. North Carolinians for Privacy brought its action against the Department of Justice and the Department of Education because the Department of Justice's actions rely in part on interpretations of federal law set out by the Department of Education. However, for all practical purposes, the defendants in this action and the *McCrory* action are one and the same: the Federal Government.

Government's position would actually expose North Carolina to liability for violating federal law as written. *See, e.g.*, Plaintiff's Compl. ¶¶ 151, 170, 176, 180-182, 193, 258, 277; McCrory Compl. ¶ 20.

As for the specific legal questions underlying the core issue in the cases—whether the Federal Government can punish North Carolina for enforcing the Privacy Act based on its novel interpretation of federal law—both cases assert that the Federal Government is incorrect in its position that the Privacy Act violates VAWA. *See, e.g.*, Plaintiff's Compl. ¶¶ 272, 286, 294; McCrory Compl. ¶¶ 28-29. Additionally, while the *McCrory* case addresses whether the Privacy Act violates Title VII, McCrory Compl ¶¶ 25-26, and this case explores the interplay of Title IX and the Privacy Act, *see, e.g.*, Plaintiff's Compl. ¶ 142, resolution of one claim may aid in resolution of the other because there are significant similarities between Title VII and Title IX. *See, e.g.*, *Kirby v. N.C. State Univ.*, No. 5:13–CV–850–FL, 2015 WL 1036946, at *4 (E.D.N.C. Mar. 10, 2015) ("Cases interpreting Title VII . . . offer guidance in evaluating a claim brought under Title IX."). Further, while the *McCrory* case does not address Title IX, the *McCrory* plaintiffs still correctly observed the potential benefits of consolidation with the action brought by the federal government even though that action addresses Title IX. *Supra* note 2.

Although this action also asserts that the Federal Government's interpretation and application of federal law violates the Administrative Procedure Act, various provisions of the U.S. Constitution, and the Religious Freedom Restoration Act (RFRA), and the *McCrory* case does not raise those arguments, these minor differences do not preclude consolidation. *See, e.g.*, *Hanson v. District of Columbia*, 257 F.R.D. 19, 22 (D.D.C.

2009); *Bess*, 2011 WL 4809879, at *10 ("While there may be some slight differences in the claims and requests for relief in each case, there is no reason to expect that consolidation will result in any confusion, undue delay, or prejudice for either plaintiff or the [defendant]."). In fact, consideration of the additional arguments raised in this action will assist the Court in evaluating the *McCrory* plaintiffs' challenges to the Federal Government's interpretation and application of federal law. This is because these additional arguments highlight the broader constitutional and statutory issues implicated if the Federal Government's position is allowed to prevail. This further favors consolidation because it "avoid[s] the possibility of inconsistent rulings or judgments" that could occur if the issues are considered in isolation. *See Bess*, 2011 WL 4809879, at *10.

Ultimately, consolidation is proper here where resolution of the cases will turn on many of the same factual and legal questions. *See* Fed. R. Civ. P. 42(a)(2). The benefits of consolidation in terms of the reduced burden on judicial resources and the parties, and the reduced risk of inconsistent rulings, far outweigh any conceivable inconveniences of joining the two cases. *See Bess*, 2011 WL 4809879, at *10 (determining that "consolidation serves the interests of judicial economy and will avoid the possibility of inconsistent rulings or judgments"). Furthermore, the many benefits of consolidating this action with the *McCrory* case are even more pronounced if the Court also grants the pending motion to consolidate the *Berger* case with the *McCrory* case. Like North Carolinians for Privacy, the *Berger* plaintiffs also challenge the Federal Government's position that the Privacy Act violates Title IX and assert that the Federal Government's

7

position violates the Administrative Procedures Act and requires the state to violate some of the same constitutional rights raised by North Carolinians for Privacy.

Finally, because the *McCrory* case was the first case filed challenging the Federal Government's actions regarding the Privacy Act, it is proper that similar cases against the Federal Government seek to consolidate with the *McCrory* action as opposed to actions filed later in time. *See Vorel v. Johns*, No. 5:10-CT-3005-FL, 2010 WL 4735829, at *1 (E.D.N.C. Nov. 15, 2010) (stating that where an action pending before Judge Boyle was filed "prior to the instant action" pending before Judge Flanagan, it was "appropriate that [the instant action] be re-assigned to the docket of Judge Boyle").

Therefore, to enhance judicial economy, improve efficiency for the parties, and promote consistent rulings within this District, this Court should grant Plaintiff North Carolinians for Privacy's request to consolidate with the *McCrory* action.

Respectfully submitted this the 24th day of May, 2016.

/s/ Jeremy D. Tedesco
JEREMY D. TEDESCO, AZ 023497
JAMES A. CAMPBELL, AZ 026737
KRISTEN K. WAGGONER, AZ 032382
JOSEPH E. LARUE, AZ 031348
JONATHAN CALEB DALTON, AZ 030539
**ALLIANCE DEFENDING FREEDOM**
15100 N. 90th St.
Scottsdale, Arizona 85260
(480) 444-0020
(480) 444-0028 Fax
jtedesco@ADFlegal.org
jcampbell@ADFlegal.org
kwaggoner@ADFlegal.org
jlarue@ADFlegal.org
cdalton@ADFlegal.org

/s/ Deborah J. Dewart
DEBORAH J. DEWART
North Carolina Bar No. 30602
**LIBERTY, LIFE AND LAW FOUNDATION**
620 E. Sabiston Drive
Swansboro, NC 28584-9674
(910) 326-4554
(877) 326-4585 Fax
debcpalaw@earthlink.net
Local Civil Rule 83.1 Counsel

DAVID A. CORTMAN, GA 188810
J. MATTHEW SHARP, GA 607842
**ALLIANCE DEFENDING FREEDOM**
1000 Hurricane Shoals Road NE
Suite D-1100
Lawrenceville, Georgia 30043
(770) 339-0774
(770) 339-6744 Fax
dcortman@ADFlegal.org
msharp@ADFlegal.org

*Counsel for North Carolinians for Privacy*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on May 24, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Jeremy D. Tedesco
JEREMY D. TEDESCO
