# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 1:16-cv-00425-TDS-JEP |
| STATE OF NORTH CAROLINA; PATRICK McCRORY, in his Official Capacity as Governor of North Carolina; NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; UNIVERSITY OF NORTH CAROLINA; and BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA, | § § § § § § § § § § § § | |
| Defendants. | § § | |

**MOTION OF TEXAS, ARKANSAS, ARIZONA, WEST VIRGINIA, ALABAMA, WISCONSIN, GEORGIA, NEBRASKA, LOUISIANA, SOUTH CAROLINA, COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin, UTAH, and GOVERNOR PHIL BRYANT of the State of Mississippi FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN OPPOSITION TO UNITED STATES' MOTION FOR PRELIMINARY INJUNCTION**

Undersigned counsel respectfully moves the Court for leave to file the attached brief as *amici curiae* in opposition to the United States' Motion for Preliminary Injunction (ECF No. 73).

The Court's Local Rules contemplate the submission of *amicus curiae* briefs "within the time allowed for the filing of the brief of the party supported, *or within such time as the Court may allow in its order permitting the amicus brief.*" See LCR 7.5 (emphasis added). The contents of the attached proposed *amicus* brief were first disclosed via e-mail to counsel for the United States on Aug. 26, 2016. Since the United States' reply brief in support of their Motion for Preliminary Injunction is due on Sept. 6, 2016, DOJ has a full and fair opportunity to respond, if they so desire, to the arguments contained in this proposed short brief. Because of the nationwide significance of the issues presently before the Court, which are more fully explained in the attached proposed brief, Movants respectfully request that the Court permit leave for this filing.

Leave to appear as *amicus curiae* is committed to "the sound discretion of the court," *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991), and appropriate where the prospective *amici* have "an important interest and a valuable perspective on the issues presented . . . ." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the

amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (citing *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203 (9th Cir. 1982) (per curiam)).

The proposed *amici* respectfully submit that all of these standards are met here. Among other things, the proposed *amicus curiae* brief attached to this motion elaborates on the nationwide impact of the United States' actions. The proposed *amicus curiae* brief provides the Court with helpful citations to the legal authority in all fifty States, demonstrating where all States and school districts have a direct and vested interest in the operation of their public schools. This includes ensuring that the authority over those schools remains vested with the proper State and local authorities so that they may reasonably address any and all individual circumstances that may arise regarding various students within the various factual hardships and circumstances that arise in educational settings.

Moreover, the proposed *amici* are involved in congruent litigation (involving DOJ) which may be necessarily be implicated by decisions of the Court. *See, e.g., Texas et al v. United States et al*, 7:16-cv-00054 (N.D. Tex.);

*Nebraska et al v. United States et al*, No. 4:16-cv-3117 (D. Neb.). *Amici* share a perspective both in preserving their federalism interests implicated by this case, as well as protecting the conditions upon which they and their school districts chose to receive federal monies for education purposes. And because DOJ is already familiar with the arguments presented by the proposed *amici* through the other litigation in Texas, Nebraska, and other jurisdictions, they will not be prejudiced by the filing of this brief. *See, e.g., United States ex rel. Fry v. The Health Alliance of Greater Cincinnati*, 2009 WL 485501, at *6 (S.D. Ohio 2009) (finding an amicus brief to be well-received where there was no prejudice to the government); *Onondaga Indian Nation v. State*, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997); *United States v. Michigan*, 116 F.R.D. 655, 663 (W.D. Mich. 1987).

For these reasons, the proposed *amici* respectfully request the Court to permit them leave to file their brief with the Court.

*Motion for Leave to File Brief as Amici Curiae in Opposition to United States' Motion for Preliminary Injunction*
Page 4

Case 1:16-cv-00845-TDS-JEP   Document 62   Filed 08/31/16   Page 4 of 6

Respectfully submitted this the 31st day of August, 2016,

| | |
|---|---|
| LESLIE RUTLEDGE<br>Attorney General of Arkansas | KEN PAXTON<br>Attorney General of Texas |
| MARK BRNOVICH<br>Attorney General of Arizona | JEFFREY C. MATEER<br>First Assistant Attorney General |
| PATRICK MORRISEY<br>Attorney General of West Virginia | BRANTLEY STARR<br>Deputy First Assistant Attorney General |
| LUTHER STRANGE<br>Attorney General of Alabama | PRERAK SHAH<br>Senior Counsel to the Attorney General |

BRAD SCHIMEL
Attorney General of Wisconsin

SAM OLENS
Attorney General of Georgia

DOUG PETERSON
Attorney General of Nebraska

JEFF LANDRY
Attorney General of Louisiana

ALAN WILSON
Attorney General of South Carolina

SEAN REYES
Attorney General of Utah

*/s/ Andrew D. Leonie*
ANDREW D. LEONIE*
Associate Deputy Attorney General for the Office of Special Litigation
Andrew.Leonie@texasattorneygeneral.gov

*/s/ Austin R. Nimocks*
AUSTIN R. NIMOCKS*
Associate Deputy Attorney General for the Office of Special Litigation
Austin.Nimocks@texasattorneygeneral.gov

MICHAEL TOTH
Senior Counsel for the Office of Special Litigation

Office of Special Litigation
Texas Attorney General's Office
P.O. Box 12548, Mail Code 009
Austin, Texas 78711-2548
Tel: 512-936-1414

*/s/ J. Daniel Bishop*
Representative J. Daniel Bishop
North Carolina General Assembly
N.C. State Bar No. 17333
  Local Counsel of Record for M.D.N.C.
300 N. Salisbury Street, Room 607
Raleigh, NC 27603-5925
Tel: 919-715-3009
Dan.Bishop@ncleg.net

ATTORNEYS FOR PROPOSED AMICI CURIAE

## CERTIFICATE OF CONFERENCE

The undersigned sought consult with counsel for the parties in a single communication via e-mail on Aug. 26, 2016 regarding this motion, including the 12 attorneys from the U.S. Department of Justice that have appeared of record in this matter.

On Aug. 26, 2016, counsel for the UNC Defendants responded via e-mail to advise that they do not oppose the motion.

On Aug. 26, 2016, counsel for the State of North Carolina, Governor McCrory, and the North Carolina Department of Public Safety responded via e-mail to advise that they do not oppose the motion.

On Aug. 26, 2016, counsel for the Intervenor-Defendants Berger and Moore responded via e-mail to advise that they do not oppose the motion.

None of the 12 attorneys for the Department of Justice ever responded to the Aug. 26, 2016 communication.

*/s/ Austin R. Nimocks*
Austin R. Nimocks*

## CERTIFICATE OF SERVICE

I, Austin R. Nimocks, hereby certify that on this the 31st day of August, 2016, a true and correct copy of the foregoing document was transmitted via using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Austin R. Nimocks*
Austin R. Nimocks*

*Specially Appearing Pursuant to Local Civil Rule 83.1(d)